IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MICHAEL FRENCH,<br><br>    Plaintiff,<br><br><br>vs.<br><br><br>AMERICAN AIRLINES, INC., et al.,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER DENYING MOTION TO APPOINT COUNSEL<br><br><br><br><br>Case No. 2:09-CV-158 TS |

This matter is before the Court on Plaintiff's Motion to Appoint Counsel and Motion to begin proceedings by setting a hearing or trial.

Plaintiff's Motion to Appoint counsel incorrectly states that the Court has already approved his application to file his complaint in forma pauperis.[1]  Plaintiff has never filed an application to proceed in forma pauperis and paid the case filing fee.

The Court has discretion under 28 U.S.C. §1915(e)(1) to request that counsel represent an indigent party in a civil case.  However, Plaintiff has submitted nothing to show that he is indigent.  "There is no constitutional right to appointed counsel in a civil

---

[1] Docket No. 2.

1

case."[2]  At a minimum, Plaintiff must show that he cannot afford counsel to receive appointed counsel.  If Plaintiff does show he cannot afford counsel, Plaintiff would then have the burden of convincing the Court of circumstances warranting such a request for counsel.[3]  The Tenth Circuit has stated that the factors to be carefully considered on the issue of requesting representation in a civil case include "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims."[4]   The Court will deny the Motion to Appoint Counsel.

    Based upon the foregoing, it is therefore

    ORDERED that Plaintiff's Motion to Appoint Counsel (Docket No. 2) is DENIED.

    DATED March 13, 2009.

                            BY THE COURT:

                            _____
                            TED STEWART
                            United States District Judge

---

[2] *Durre v. Dempsey,* 869 F.2d 543, 547 (10th Cir. 1989).

[3] *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004).

[4] *Rucks v. Boergermann,* 57 F.3d 978, 979 (10th Cir. 1995)(citing *Williams v. Meese,* 926 F.2d 994, 996 (10th Cir.1991)).